STATE v. C. C. MISENHEIMER.

(Decided December 23, 1898.)

*Slander of Innocent Woman—The Code, Section 1113—*
*Husband—Wife—Evidence—Judge's Charge.*

1. The admission of defendant that he had been divorced from the prosecutrix in another State is competent evidence.

2. A certified judgment of the Court of another State unaccompanied by the whole certified record is not in compliance with the Act of Congress. ( *Code,* Vol. 2, page 732) and is inadmissible.

3. Statements made by defendant before his Church council to which he had been summoned to explain his separation from his wife were properly excluded. Such statements partake of the character of privileged communications and do not create a presumption of malice.

4. Where defendant repeated to a witness a confession of guilt which he informed witness his wife had made to him, it was error to charge the jury, that if the prosecutrix was an innocent woman, the law presumed the statement was malicious—in the absence of proof that she had made no such confession, and where the statement was made without exhibition of malice, but of sorrow only, in a friendly conversation induced by witness.

5. It being admitted that the parties had had illicit intercourse with each other before their marriage and that the prosecutrix had given birth to a child five months after marriage—but her character being proved to be good before and since marriage, with this exception—his Honor properly refused to charge that she was not an *"innocent woman"* under Section 1113 of *The Code. State* v. *Grigg,* 104 N. C., 882.

INDICTMENT for slander of an innocent woman, tried before *Starbuck, J.,* at Fall Term, 1898, of STANLY Superior Court.

The defendant and the prosecutrix had been man and wife—there was evidence that he had seduced her before marriage, and that she had a child about five months after marriage; that after the birth of the child,

STATE v. MISENHEIMER.

defendant went to Texas and remained there three years—and on his return, stated that he had procured a divorce from his wife in the Texas Court.

The defendant was examined on his own behalf. During his cross examination he was shown a copy of a divorce judgment, and was asked if that was a copy of the divorce he obtained?

Defendant objected to the examination of defendant in regard to divorce, and also to the reading of the judgment. Objection overruled, defendant excepted.

Defendant admitted it was a correct copy, and it was read in evidence by the State.

Defendant excepted.

A State witness, Pearson Allmond, testified, that in a conversation between himself and the defendant the latter explained the reason of his leaving the State. He said his wife had confessed to him that she had had connection with John Dry and others, and that one was a colored man.

Defendant spoke kindly of his wife—showed no malice toward her—seemed to regret the matter.

Before defendant went to Texas he made the same statement to me about his wife.

On this point his Honor charged the jury: That as to the statement of Allmond, if the prosecutrix was an innocent woman, the law presumed that the statement was malicious, and the burden was put upon the defendant to show to the satisfaction of the jury that it was not malicious. Defendant excepted.

Outside of the matter, both defendant and prosecutrix was proved to have good characters. She denied making the confession imputed to her.

The defendant asked the Court to charge the jury: That it being admitted that the prosecutrix had had

criminal intercourse with the defendant before their marriage, that she was not an innocent woman under Section 1113 of *The Code,* and that the jury should return a verdict of not guilty. The prayer was refused, defendant excepted.

There was a verdict of guilty—judgment and appeal by defendant.

*Messrs. Adams & Jerome,* for defendant (appellant).
*Mr. Zeb V. Walser, Attorney General,* for the State.

FURCHES, J.: This is an indictment under the statute, Section 1113 of *The Code,* for slandering an innocent woman.

The defendant and the prosecutrix, L. C. Misenheimer, whom it is alleged the defendant had slandered, had been married, but troubles having arisen between them, the defendant left the prosecutrix (his wife) and went to the State of Texas, where he remained some three years, when he returned. Upon his return, he stated that while he was in Texas he procured a divorce in the Courts of that State from the prosecutrix. The prosecutrix testified that while defendant was absent, papers were served on her in a case of the defendant against her in an action of divorce in Texas. The State also offered in evidence a properly certified "judgment" of a court in Texas, granting a divorce of defendant from the prosecutrix.

Upon the view we take of the case presented by the record, it does not turn upon the ruling of the Court on the admission of evidence. But as the same questions may be presented upon another trial, and as we have considered them, it seems to be proper to say that in our opinion the admissions of the defendant that he had

STATE *v.* MISENHEIMER.

been divorced from the prosecutrix, were competent and admissible as evidence.

It is held in *State* v. *Melton*, 120 N. C., 591, in an indictment for bigamy, that the admissions of the defendant that he had been married to another woman in South Carolina were admissible as evidence for the purpose of showing a former marriage. And we do not see the difference in principle in allowing declarations to show marriage and in allowing declarations to show that a marriage had been dissolved.

But as it seems that only the *judgment* of the court of Texas was certified, we do not think this was a compliance with the Act of Congress (*Code*, Vol. 2, p. 732) which requires that the whole record shall be certified. For this reason, the judgment offered in evidence was incompetent and should have been excluded.

The defendant and the prosecutrix were members of the same church, and the church took up the matter, passed resolutions requiring the defendant to appear before the church and show cause why he abandoned his wife, and appointed a committee to notify defendant of the action the church had taken in the matter. This committee waited on the defendant, notified him of the action the church had taken, and a church trial ensued. The statements of defendant to this committee, and the statement he made at the church trial were properly excluded by the Judge on the trial below, or where they were not entirely excluded, the jury were properly instructed that there was no presumption of malice against the defendant, and that to convict the defendant on these statements, the State must establish malice beyond a reasonable doubt.

But the Court, after properly charging the jury as to the other evidence, charged them as follows in a separ-

ate paragraph: "That as to the statement of Allmond, if the prosecutrix was an innocent woman the law presumed that the statement was malicious and the burden was put upon the defendant to show to the satisfaction of the jury that it was not malicious." In this paragraph there is error. The defendant alleged that the prosecutrix had told him what he told Allmond, and that he only repeated to Allmond what the prosecutrix had told him; that he told Allmond that prosecutrix had told him what he told Allmond This was not contradicted by Allmond, but he testified that what defendant told him was in a friendly conversation between them, induced by Allmond; that defendant exhibited no malice, but sorrow only.

This in our opinion did not imply malice, unless it was shown that the prosecutrix did not tell the defendant what she told Allmond she did; and that, in the absence of the finding of that fact—that the prosecutrix had *not* told the defendant what he told Allmond she did—there was no presumption of malice, and the burden was not thrown on the defendant to rebut such presumption.

· If the Court in this paragraph of the charge had submitted the truth of this statement to the jury, so as to make the paragraph read as follows, "That as to the statement of Allmond, if the prosecutrix was an innocent woman (and she had not told the defendant what the defendant told Allmond she had) the law presumed that the statement was malicious and the burden was put upon the defendant to show to the satisfaction of the jury that it was not malicious," the charge would have been correct.

It was in evidence and admitted that the prosecutrix had had sexual intercourse with the defendant before

their marriage (under promise of marriage as she alleges) and that she became the mother of a child about 5 months after they were married. But her character was proved to be good before and since her marriage, with this exception.

It was contended by the defendant, and the Court was asked to charge the jury, that it being shown and admitted that the prosecutrix had had criminal intercourse with the *defendant* before their marriage, that she was not an innocent woman, under Section 1113 of *The Code*, and that the jury should return a verdict of not guilty. This prayer for instructions was properly refused. *State* v. *Grigg*, 104 N. C., 882.

It must be understood that a man cannot seduce a virtuous woman and then slander her with impunity, and, when indicted for such slander, claim protection against the penalties of the law by pleading her disgrace which he had caused to be brought upon her. The statute would fail to give that protection to innocent women, that was intended, if this was allowed. There were some other exceptions presented by the record but they cannot be sustained.

For the error pointed out in the charge of the Court below, there must be a new trial.

New trial.